UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WARRIOR SPORTS, INC.,
a Michigan corporation,

                Plaintiff,                No. 09-12102
                                          Hon. Gerald E. Rosen

v.

DICKINSON WRIGHT, P.L.L.C., a Michigan
Professional Limited Liability Company;
JOHN A. ARTZ, P.C., d/b/a ARTZ & ARTZ,
P.C., a Michigan Professional Corporation;
JOHN A. ARTZ and JOHN S. ARTZ,

                Defendants.

_____ /


**OPINION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE**

At a session of said Court, held in
The U.S. Courthouse, Detroit, Michigan
on_____July 10, 2009_____

PRESENT:   Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On June 10, 2009, this Court issued an Order to Show Cause in this legal

malpractice action directing Plaintiff Warrior Sports, Inc. ("Warrior") to show cause why

this case should not be dismissed without prejudice for lack of subject matter jurisdiction.

Both Warrior and Defendant Dickinson Wright, P.L.L.C. ("Dickinson Wright") filed

answers to the order on June 22, 2009, arguing that federal subject matter jurisdiction is

proper under 28 U.S.C. § 1338.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Warrior Sports, Inc. has brought this action against Defendants Dickinson Wright, John A. Artz, P.C., John A. Artz, and John S. Artz alleging legal malpractice.[1] Warrior manufactures lacrosse and hockey equipment.  It owns patent RE 38,216 for a lacrosse stick head ("the '216 patent").  Defendants John A. Artz and John S. Artz, first at the firm Brooks & Kushman, then Artz & Artz, P.C., and finally at Dickinson Wright, provided Warrior with primary legal services in the speciality of patent law and related litigation.[2]  In its Complaint, Warrior claims that Defendants (1) failed to pay a maintenance fee resulting in the lapse of Warrior's patent, (2) forced Warrior to settle previous litigation on terms Warrior considers unfavorable, (3) failed to timely effectuate the reinstatement of Warrior's patent, and (4) committed sundry other breaches of their professional duties, the precise contours of which breaches are not altogether clear from the Complaint.  As a result, Warrior claims it has suffered damages in the form of a diminished settlement with its competitor, lost royalties for the period in which the patent

---

[1]  The "Artz" defendants reached a tentative settlement with Warrior on June 15, 2009.

[2]  John A. Artz and John S. Artz developed a relationship with Warrior when they were employed by the law firm Brooks & Kushman, P.C.  They retained Warrior as a client when they left Brooks & Kushman to form their own firm, John A. Artz, P.C., doing business as Artz & Artz, P.C.  Finally, the Artz firm merged with Dickinson Wright in June 2007.  The attorney-client relationship between Warrior and John A. Artz and John S. Artz continued throughout these transitions and existed as of the filing of Warrior's Complaint in this case.  Warrior's claims against Dickinson Wright are rooted in a theory of successor liability.

2

was lapsed, and lost profits.

The case was originally filed in Wayne County Circuit Court.  Warrior then voluntarily transferred the case to Macomb County Circuit Court after Defendants moved for a change of venue.  Dickinson Wright, believing that recent case law established exclusive federal jurisdiction over patent malpractice cases, moved for summary disposition for lack of subject matter jurisdiction in the state court.  Warrior re-filed its case in this Court and voluntarily dismissed the state court case.

The issue is whether Plaintiff's state law claims of legal malpractice may fairly be characterized as raising federal patent law questions.  Warrior asserts that this Court has jurisdiction as "[t]he controversy involves determination of issues involving application of patent law and substantial questions relating to patent law." (Pl.'s Compl. ¶ 6.)  In other words, Warrior brings this action in this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1338.  Dickinson Wright argues that "because this case involves substantive questions of federal patent law . . . [the] state courts in this federal circuit have and will continue to defer to this jurisdiction."  (Def. Dickinson Wright's Resp. to Ct.'s June 10, 2009 Order to Show Cause 9.)

## II.  LEGAL STANDARD - SUBJECT MATTER JURISDICTION

The federal courts are courts of limited jurisdiction; they have only such jurisdiction as is defined by Article III of the United States Constitution and granted by Congress.  Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir. 1983).  Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise

3

the issue *sua sponte*.  See In re Lewis, 398 F.3d 735, 739 (6th Cir. 2005).

Federal district courts have original jurisdiction of civil actions "arising under" any federal statute relating to patents.  28 U.S.C. § 1338.  District court jurisdiction under § 1338(a) extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 809, 108 S. Ct. 2166 (1988).  The Sixth Circuit has explained that the "seemingly amorphous 'substantial question of federal patent law' component of the [Christianson] test merely makes clear that a plaintiff cannot avoid federal patent jurisdiction by leaving out an element necessary to the success of his claim, any more than a plaintiff can create federal jurisdiction by including extraneous references to federal law."  E.I. Du Pont de Nemours & Co. v. Okuley, 344 F.3d 578, 581–82 (6th Cir. 2003).

The Supreme Court later elaborated that in order for federal question jurisdiction to lie in the case of a state law claim, a plaintiff's well-pleaded complaint must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314, 125 S. Ct. 2363 (2005).

## III.  DISCUSSION

In the present case, Warrior's well-pleaded complaint alleges one count of legal malpractice, a state law cause of action. Both parties nevertheless argue that the resolution of Warrior's claims necessarily requires the Court to address questions of federal patent law. The parties cite two cases from the U.S. Court of Appeals for the Federal Circuit in which the court, interpreting Christianson, found § 1338 jurisdiction over state-law legal malpractice claims because those claims also involved substantial federal patent law questions: Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP, 504 F.3d 1262 (Fed. Cir. 2007), *reh'g and reh'g en banc denied*, (Fed. Cir. 2008), and Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed. Cir. 2007). Warrior and Dickinson Wright contend that the present case is comparable because, under Michigan law, Warrior will have to show that its underlying patent infringement claims would have been resolved more favorably in the absence of Defendants' malpractice. They reason that consideration of the underlying patent claims in turn implicates substantial questions of patent law. This Court finds the parties' arguments unpersuasive: although a court may indeed have to consider underlying matters related to federal patent law, these issues do not appear "actually disputed and substantial," and the parties have not provided sufficient cause why this Court should disturb the balance between federal and state judicial responsibilities.

In Michigan, a legal malpractice claim requires a showing of (1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of

the injury alleged. <u>Coleman v. Gurwin</u>, 503 N.W.2d 435, 436–37, 443 Mich. 59, 63, (Mich. 1993). To establish proximate cause, a plaintiff in a legal malpractice action must show that but for the attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit. <u>Id.</u> at 437. However, Michigan courts have also held:

> [this] "suit within a suit" concept has vitality only in a limited number of situations, such as where an attorney's negligence prevents the client from bringing a cause of action (such as where he allows the statute of limitations to run), where the attorney's failure to appear causes judgment to be entered against his client or where the attorney's negligence prevents an appeal from being perfected. This is so because the purpose of the suit-within-a-suit requirement is to insure that the damages claimed to result from the attorney's negligence are more than mere speculation.

<u>Id.</u> (internal citations and quotations omitted).[3]

Interpreting similar elements under Texas law, the Federal Circuit in <u>Immunocept</u> and <u>Air Measurement</u>, found that two legal malpractice claims involved substantial questions of federal patent law because the court would have to reach the underlying patent litigation disputes to determine proximate cause. In <u>Air Measurement</u>, the plaintiff company alleged that its attorney failed to timely file initial patent applications and failed to disclose prior patents and other facts during the prosecution of those patent applications. <u>Air Measurement</u>, 504 F.3d at 1266. Because proof of patent infringement was necessary to show that the attorney proximately caused the plaintiff damages, the court concluded that patent law was a "necessary element" of the plaintiff's malpractice

---

[3] In <u>Coleman</u>, the Michigan Supreme Court ultimately concluded that for purposes of establishing venue, "[t]he 'suit within a suit' . . . is not a part of a legal malpractice action in and of itself. A legal malpractice action and the litigation or representation from which it arose, of course, are distinct." <u>Coleman</u>, 503 N.W.2d at 438.

claim and therefore presented a substantial question of patent law conferring § 1338

jurisdiction. Id. at 1269. Similarly, in Immunocept, the plaintiff company alleged that its

attorney inadequately drafted a patent, thereby reducing the scope of the patent's

protection. Immunocept, 504 F.3d at 1284. The court held that because patent scope was

the "sole basis of negligence," and the scope of patent protection is a substantial question

of federal law, this underlying determination was sufficient basis to establish § 1338

jurisdiction. Id. at 1285.[4]

---

[4] Dickinson Wright argues that these Federal Circuit cases are binding on this Court. Although the Court of Appeals for the Federal Circuit has exclusive jurisdiction over patent appeals, 28 U.S.C. § 1295(a)(1), it is unclear whether its decisions with respect to the scope of federal jurisdiction in patent-related matters bind federal courts. See Holmes Group Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 829–30, 122 S. Ct. 1889 (2002). Indeed, the Federal Circuit's appellate jurisdiction is limited to cases in which the district court's decision was "based, in whole or in part, on section 1338," 28 U.S.C. § 1295(a)(1). Logically, the Federal Circuit's appellate jurisdiction is not necessarily implicated where a district court finds that it has no section 1338 jurisdiction altogether. Nevertheless, the Court declines to address this issue here where it finds that the present case is sufficiently distinguishable from these Federal Circuit precedents. It notes however that the cases cited by Dickinson Wright in this regard do not support its argument.

In particular, Dickinson Wright cites one unpublished case from the Eastern District of Kentucky, Byrne v. Wood, Herron & Evans, L.L.P., No. 08-102-DCR, 2008 WL 3833699 (E.D. Ky. Aug. 13, 2008), in which the court ultimately followed the reasoning set out in Immunocept and Air Measurement. The opinion however does not alone stand for the proposition that Federal Circuit precedent is binding as to jurisdictional questions. The remaining cases cited by Dickinson Wright are from the Federal Circuit and are not directly responsive to this issue. See Midwest Industries, Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1358–60 (Fed. Cir. 1999), *overruled in part by* Traffix Devices v. Mktg. Displays, 532 U.S. 23, 121 S. Ct. 1255 (2001) (holding that the Federal Circuit applies its own law with respect to patent law issues, applies the law of the circuit in which the district court sits to non-patent issues, but not specifying whether subject matter jurisdiction is a patent or non-patent issue); Minnesota Min. & Mfg. Co. v. Norton Co., 929 F.2d 670, 672 (Fed. Cir. 1991) (reversing district court decision dismissing action for declaratory judgment, where dismissal was granted on discretionary

7

In this case, unlike <u>Immunocept</u> and <u>Air Measurement</u>, Warrior's claim that Defendants' negligence caused Warrior to settle under less favorable terms, lose profits and lose royalties based on the lapsed patent, does not necessarily require a court to engage in claim construction, evaluate the viability of underlying patent litigation, or determine if others are infringing the patent in question.  Warrior's claim is simply that Defendants failed to timely file maintenance fees, failed to fully communicate with their client, and failed to effectuate timely reinstatement of the lapsed patent.  These, and the sundry other breaches allegedly committed, seem readily addressed without reference to actual substantive and disputed questions of patent law.  Furthermore, the issues implicated in the underlying disputes—maintenance fees and timeliness of reinstatement proceedings—do not appear to be matters of importance in the development of patent law.

In <u>Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson & Citkowski, P.C.</u>, 409 F. Supp. 2d 788, 792 (E.D. Mich. 2005), the court reached a similar conclusion.  In that case, the plaintiff inventor alleged that the defendant law firm and attorney committed malpractice in their representation of him before the United States Patent and Trademark

---

grounds in light of pending interference proceedings and declaratory judgment action involved matters of importance in development of patent law); <u>Goodyear Tire & Rubber Co. v. Releasomers Inc.</u>, 824 F.2d 953, 954 (Fed. Cir. 1987) (reversing district court decision and holding that case or controversy requirement had been met in action seeking declaratory judgment on validity, enforceability, and non-infringement of patents). Dickinson Wright finally cites <u>Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.</u>, 422 F. Supp. 2d 934, 938 (N.D. Ill. 2006), in which the court simply stated that Federal Circuit opinions are binding on substantive patent law questions, but was silent with respect to Federal Circuit authority as to jurisdictional questions.

Office.  Defendants filed a notice of removal from state court on the basis of § 1338 jurisdiction, claiming that the plaintiff's case in chief required a showing that he would have lost royalties and licensing fees in the absence of defendants' negligence.  Adamasu, 409 F. Supp. 2d at 792.  The court rejected this position outright: "Simply because . . . defendants rendered advice on a matter governed by federal law and prosecuted a patent through a federal agency does not constitute an issue that 'aris[es] under any Act of Congress relating to patents,' as 28 U.S.C. § 1338 requires."  Id.  Just as in the present case, the "heart" of the plaintiff's case was his attorney's negligence and not the scope of the claims in plaintiff's patent or potential infringement of the patent by users of the invention.

Finally, the Court notes the general principle that federal statutes regulating the jurisdiction of federal courts must be narrowly construed.  Healy v. Ratta, 292 U.S. 263, 269, 54 S. Ct. 700 (1934).

> The power reserved to the states, under the Constitution (Amendment 10),
> to provide for the determination of controversies in their courts, may be
> restricted only by the action of Congress in conformity to the judiciary
> sections of the Constitution (article III).  Due regard for the rightful
> independence of state governments, which should actuate federal courts,
> requires that they scrupulously confine their own jurisdiction to the precise
> limits which the statute has defined.

Id. (citations omitted).  Although the parties' correctly set out the elements of a Michigan legal malpractice cause of action, their interpretation of the suit-within-a-suit doctrine is so broad that it nearly eclipses the parameters of section 1338 and the federalism concerns

set out in <u>Grable</u>.  Michigan's suit-within-a-suit doctrine is limited, and none of the
instances cited in <u>Coleman</u> in which Michigan courts have found its application is
warranted are at issue here: Warrior does not allege that Defendants' negligence
prevented it from bringing a cause of action, that Defendants' failure to appear caused
judgment to be entered against it, or that Defendants' negligence prevented an appeal
from being perfected.  Beyond these limited circumstances, this Court declines to apply
the suit-within-a-suit doctrine in the interest of preserving the balance of federal and state
judicial responsibilities.

      For these reasons,

      NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Complaint is
DISMISSED without prejudice for lack of subject matter jurisdiction.


                                      _____
                                      Gerald E. Rosen
                                      Chief Judge, U.S. District Court

Dated: July 10, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 10, 2009, by electronic and/or ordinary mail.

s/Ruth A. Brissaud

Case Manager

(313) 234-5137