UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARRIOR SPORTS, INC.,
a Michigan corporation,

       Plaintiff,               No. 09-12102
                                    Hon. Gerald E. Rosen
v.

DICKINSON WRIGHT, P.L.L.C., a Michigan
Professional Limited Liability Company;
JOHN A. ARTZ, P.C., d/b/a ARTZ & ARTZ,
P.C., a Michigan Professional Corporation;
JOHN A. ARTZ and JOHN S. ARTZ,

       Defendants.
_____/

**ORDER DENYING DEFENDANT DICKINSON WRIGHT'S
MOTION FOR RECONSIDERATION**

At a session of said Court, held in
The U.S. Courthouse, Detroit, Michigan
on       October 30, 2009      

PRESENT:   Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

      This legal malpractice action is presently before the Court on Defendant Dickinson Wright, P.L.L.C.'s ("Dickinson Wright") Motion for Reconsideration of the Court's July 10, 2009 Opinion and Order which dismissed without prejudice the action for lack of subject matter jurisdiction. Dickinson Wright contends that the Court's Order contains a "palpable error" in that it states that the underlying patent issues do not appear to be

"actually disputed and substantial."

The grounds for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Court Rule 7.1(g)(3):

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

The Court has reviewed Dickinson Wright's Motion for Reconsideration in this case and finds that the firm has merely presented the same issues already ruled upon by the Court in its July 10, 2009 Order.

Title 28 U.S.C. § 1331 vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." When a case does not present either federal question jurisdiction or diversity jurisdiction, it should be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1), 12(h)(3). A case "arises under" federal law for purposes of exercising federal question jurisdiction if the "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27- 28, 103 S. Ct. 2841, 2856 (1983). In addition, in certain cases, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering &

2

Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 2367 (2005).  To determine whether a case fits "within th[is] special and small category," Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699, 126 S. Ct. 2121, (2006), "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

Here, Plaintiff Warrior Sports, Inc. has filed a state-law legal malpractice claim, stemming from the conduct of the defendant attorneys and law firm in an underlying patent law case.  The parties do not argue that Plaintiff's legal malpractice claim qualifies as a "cause of action created by federal law."  Instead, they argue that the state-law case nevertheless arises under federal law for § 1331 purposes because federal patent law is a necessary element of Plaintiff's claim for relief.  That is, under Michigan law, a plaintiff claiming professional malpractice must show, *inter alia*, that the attorney's conduct was the proximate cause of the plaintiff's injuries.  This, the parties argue, necessarily forces the Court to determine the validity or likelihood of success of Plaintiff's underlying patent claims: the so-called case-within-a-case.  Based solely on this analytical framework, Dickinson Wright now makes much of the disputed patent issues in the lawsuit that gave rise to this malpractice claim.  Although Dickinson Wright may have provided the Court with new details about the depth or contentiousness of those patent disputes, its arguments remain unresponsive to the issue presently before the Court.  Specifically, upon close examination of Plaintiff's complaint, it is apparent that Plaintiff

3

does not seek determination of infringement or claim construction issues; rather, it alleges straight-forward claims of professional negligence, a squarely state-law cause of action. The underlying patent issues—including inequitable conduct, claim construction and infringement—may well be complex. Nevertheless, they remain only a sub-inquiry, incidental to Plaintiff's primary allegations against the defendant attorneys. Moreover, those primary allegations revolve exclusively around missed filing deadlines, failure to communicate and professional negligence. As such, even if the allegations touch upon patent issues or require assessment of underlying patent disputes, they hardly raise substantial questions of federal law. In light of the foregoing, the Court cannot see how it may adjudicate this case without disturbing the congressionally approved balance of federal and state judicial responsibilities. See Grable, 545 U.S. at 314. Using Michigan's case-within-a-case analytical framework to sweep an entire class of state-law claims into federal law's preemptive reach would unavoidably result in a case of the tail wagging the dog.

Furthermore, Dickinson Wright's renewed reliance on case law from the Court of Appeals for the Federal Circuit does not demonstrate palpable error in the July 10, 2009 Order. The parties have shown no case law, and this Court has found none, to indicate that the Federal Circuit's decisions with respect to its own subject matter jurisdiction over state-law claims are binding on this Court. While the Federal Circuit appears to have no reservations about exercising its power over underlying patent issues as leverage to reach purely state-law causes of action, see Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403,

1412-13 (Fed. Cir. 2009), Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP, 504 F.3d 1262 (Fed. Cir. 2007), *reh'g and reh'g en banc denied*, (Fed. Cir. 2008), *and* Immunocept, LLC v. Fulbright & Jaworski, LLP, 504 F.3d 1281 (Fed. Cir. 2007), this Court remains wary of such an open-ended analysis of federal question jurisdiction.[1]  Simply put: there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties."  Grable, 125 S. Ct. at 2368 (*quoting* Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 821, 108 S. Ct. 2166 (1988) (Stevens, J., concurring)).  In Touchcom, Air Measurement, and Immunocept, the Federal Circuit appears to impose precisely such an all-embracing test, effectively aggregating ever greater swaths of state-law claims into its jurisdictional sweep.  Yet, this alone cannot render its decisions with respect to subject matter jurisdiction binding on this Court.  To argue otherwise is to beg the question; in order to accept that Federal Circuit decisions concerning the scope of subject matter jurisdiction are binding in this case, the Court must accept that all legal malpractice claims premised on underlying patent issues are in fact patent law cases.  Because the Court does not accept this basic premise, Dickinson Wright is left with the circular

---

[1] Moreover, the Federal Circuit itself has not shown tremendous consistency in its analysis of these types of jurisdictional questions.  Compare Consolidated World Housewares, Inc. v. Finkle, 831 F.2d 261, 265 (Fed. Cir. 1987) (holding that even if a contract action may involve a determination of the true inventor, this does not convert the action into one "arising under" the patent laws), with Additive Controls & Measurement Systems, Inc. v. Flowdata, Inc., 986 F.2d 476, 478-79 (Fed. Cir. 1993) (holding that a state-law business disparagement claim "arises under" federal patent law because the plaintiff's right to relief depends upon the resolution of patent infringement issues).

argument that, "This is a patent law case, because the Federal Circuit has decided that it is a patent law case; and the Federal Circuit has decided that it is a patent law case, because it is a patent law case." Obviously, this is not persuasive.

Turning to other federal circuits, several courts have declined to reach underlying federal law issues for purposes of exercising federal question jurisdiction in legal malpractice actions outside the patent law context. For example, in Singh v. Duane Morris LLP, 538 F.3d 334, 340 (5th Cir. 2008), the Fifth Circuit held that a legal malpractice claim growing out of a federal trademark dispute, in which the client claimed the attorney was negligent for failing to introduce certain evidence, did not involve a "substantial" federal question, even if it might involve consideration of federal trademark law. The court explained that in spite of Texas law's case-within-a-case framework for legal malpractice claims, the federal issue—whether the plaintiff had sufficient evidence that his trademark had acquired secondary meaning—though obviously significant to the plaintiff's claim, did not require "resort to the experience, solicitude, and hope of uniformity that a federal forum offers." Id. at 339 (*quoting* Grable, 545 U.S. at 315). The court further stated that "[l]egal malpractice has traditionally been the domain of state law, and federal law rarely interferes with the power of state authorities to regulate the practice of law." Id. Similarly, in Hays v. Bryan Cave LLP, 446 F.3d 712, 713-14 (7th Cir. 2006), the Seventh Circuit held that the plaintiff's allegation that his lawyers and law firm provided deficient representation in the course of a federal criminal case was an insufficient basis for removal from state court. Even though the plaintiff's complaint

required a determination of the meaning and scope of the federal criminal statutes under which he had been convicted in the underlying suit—indeed state law mandated a case-within-a-case analysis, such that the plaintiff would have to show that his damages were proximately caused by the attorneys' breach—those issues remained "independent of the law under which the suit that the defendant lawyer is alleged to have muffed was brought." Id. at 714. The court explained:

> Issues concerning the meaning of that [federal] law are quite likely to arise in such a malpractice action, but there is nothing unusual about a court having to decide issues that arise under the law of other jurisdictions; otherwise there would be no field called "conflict of laws" and no rule barring removal of a case from state to federal court on the basis of a federal defense. Mentioning a federal issue in a contract, or for that matter a complaint, does not determine the source of the claim itself.

Id. (internal citations and quotation omitted); but see Achtman v. Kirby, 464 F.3d 328, 335-36 (2nd Cir. 2006) (finding "supplemental jurisdiction" over legal malpractice action arising out of separate earlier securities class action suit).

The Sixth Circuit has not had occasion to address this jurisdictional question in a legal malpractice context, but it has made clear that state-law claims arising out of prior federal lawsuits do not generally warrant the exercise of federal question jurisdiction. In Palkow v. CSX Transportation, Inc., 431 F.3d 543, 544 (6th Cir. 2005), the court evaluated a case arising out of an earlier federal lawsuit in which the plaintiff, Ms. Palkow, claimed that she was terminated from her probationary employment as a railroad conductor trainee because of her sex in violation of Title VII of the Civil Rights Act of 1964. Id. In the underlying federal case, the jury found in favor of the defendant

7

employer.  Id.  Ms. Palkow then filed a second complaint in state court claiming that under state law her former co-worker committed perjury when she testified on behalf of the defendant employer in the federal suit, and she claimed that the co-worker's perjured testimony affected the outcome of the jury verdict in the federal trial.  Id. at 544-45.  The defendant employer and the co-worker removed the case to the federal district court that had held the original jury trial, arguing that Ms. Palkow's state court action in reality constituted an attack on the federal jury verdict and resulting judgment, and that it was essentially an end-run around Rule 60 of the Federal Rules of Civil Procedure.  Id. at 545.  On appeal from the district court's order granting the defendant employer's motion to dismiss on the merits, the Sixth Circuit found that there was nothing on the face of Ms. Palkow's Complaint which established federal subject matter jurisdiction.  Id. at 548.  Citing Long v. Bando Manufacturing of America, Inc., 201 F.3d 754 (6th Cir.2000), in which the court found that there was no federal question jurisdiction in a wrongful discharge action based in part on alleged violation of federal policies, the Sixth Circuit in Palkow concluded that "[t]he only 'federal' aspect of Plaintiff's civil perjury claim is the fact that the alleged perjury occurred in a federal court action. [Thus] [t]here is no 'federal question' that needs to be resolved in order to resolve Plaintiff's state-law claim."  Id. at 553-54.  Ultimately, the court emphasized that "[a]ny notion that the jurisdictional net should be broadly cast by the courts is at odds with the constitutional establishment of a federal government of limited powers."  Id. at 555.  See also Eastman v. Marine Mechanical Corp., 438 F.3d 544, 552-53 (6th Cir. 2006) (holding that employee's state-

law retaliatory discharge claim, identifying federal statutes as sources of allegedly violated public policy, did not raise a substantial federal question over which the court could exercise removal jurisdiction); Berg v. Leason, 32 F.3d 422, 423 (9th Cir. 1994) (holding that no substantial federal question was raised in a state-law malicious prosecution claim based on a prior federal action).

Having reviewed the relevant federal case law, the Court declines to follow the Federal Circuit, finding instead that in this case Plaintiff's legal malpractice claim stemming from representation in a prior federal suit does not raise substantial questions of federal law. The only federal aspects of Plaintiff's claim—patent disputes embedded within the proximate cause element of an otherwise straightforward legal malpractice claim—are only incidental to the overall complaint. Moreover, using the case-within-a-case framework as leverage to extend federal jurisdiction to every instance in which a lawyer commits alleged malpractice during the litigation of a federal claim would "constitute a substantial usurpation of state authority in an area in which states have traditionally been dominant." Singh, 538 F.3d at 340. Because the Court is not persuaded that the federal interest in adjudicating patent cases in particular warrants such an intrusion, it concludes that Plaintiff's malpractice claim does not "arise under" federal law. Therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant

Dickinson Wright's Motion for Reconsideration be, and hereby is, DENIED.[2]

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: October 30, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 30, 2009, by electronic and/or ordinary mail.

s/Ruth A. Brissaud
Case Manager
(313) 234-5137

---

[2] Because the Court's July 10, 2009 Order dismissing this case without prejudice constitutes a final order, the Court does not address Dickinson Wright's request in the alternative for certification of an appeal under 28 U.S.C. § 1292(b). This action was an original federal court action, rather than a motion for remand. Therefore, the strictures of 28 U.S.C. § 1447 do not apply to it. It is up to the parties to proceed as they choose. However, the Court notes that pursuant to 28 U.S.C. § 1291, the federal courts of appeal, other than the Court of Appeal for the Federal Circuit, generally have appellate jurisdiction from a final judgment in the district courts. The Court of Appeals for the Federal Circuit *only* has appellate jurisdiction from a final judgment of a district court, if the jurisdiction of that court was based, in whole or in part, on 28 U.S.C. § 1338. See 28 U.S.C. § 1295(a)(1). Section 1338 grants the district courts original jurisdiction over any civil action arising under any Act of Congress relating to patents. 28 U.S.C. § 1338. However, as the Court noted in its July 10, 2009 Order, where as here the Court finds that it does *not* have section 1338 jurisdiction over this case, it appears that the Court's decision is reviewable in the court of appeals for the circuit embracing this district: the United States Court of Appeals for the Sixth Circuit. See 28 U.S.C. § 1294. Of course, the decision on whether to appeal and to which court is entirely up to the parties—with all the risks attendant thereto.